United States District Court
Southern District of Texas
ENTERED

AUG 3 1 2010

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DENISE CAMPBELL, on behalf of herself and those similarly situated<br>      Plaintiff,<br><br>v.<br><br>IMMUNOSYN CORPORATION,<br>ARGYLL BIOTECHNOLOGIES, LLC,<br>JAMES T. MICELI, DOUGLAS A.<br>MCCLAIN, JR., FRANK MORALES,<br>ARGYLL EQUITIES, LLC, STEPHEN<br>FERRONE, and DOUGLAS A.<br>MCCLAIN, SR.,<br>      Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br><br>Civil Action No. B-09-197 |

## ORDER ON MOTIONS TO DISMISS

Pending before this court are the Defendants' motions to dismiss (Docket Nos. 15, 26, and 29) and Motion to Abate (Docket No. 28). For the reasons set forth below, the motions to dismiss are hereby granted in part and denied in part, and the Plaintiff is granted leave to amend her complaint. Additionally, the motion to abate is **DENIED**.

I.      BACKGROUND

The Plaintiff in this case has filed a class action complaint against the Defendants alleging securities fraud, common law fraud, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to violate RICO, and civil conspiracy. *See* Pl.'s Class Action Compl. and Jury Demand ("Pl.'s Compl.") (Docket No. 1). According to the Plaintiff Campbell, she suffers from multiple sclerosis ("MS"). After viewing an episode of "Larry King Live" in which Alan Osmond discussed a new MS drug known as SF-1019, Campbell researched the drug online

and through other sources, including websites maintained by Defendants Immunosyn and Argyll Biotech. Based on her research, Campbell on three separate occasions purchased shares in Immunosyn, the company who owns the right to market SF-1019. *See* Pl.s Certification of Named Plaintiff Pursuant to Federal Securities Law. Campbell also purchased two batches of SF-1019 from Defendant Morales, injecting herself with the drug. *See* Pl.'s Compl., at ¶¶ 28–37, 52–53.

According to Campbell, she later sold the Immunosyn stock she purchased at a monetary loss. *See id.*, at ¶ 57. She also claims that at least one batch of the SF-1019 she purchased from Defendant Morales and with which she injected herself was a substance other than SF-1019, contrary to the representations of Morales and other Defendants. *See id.*, at ¶¶ 54–55. According to Campbell, SF-1019 has not been approved by the Food and Drug Administration ("FDA") for human consumption. *See id.*, at ¶ 35.

The Defendants have filed motions to dismiss Campbell's claims asserting that this court does not have jurisdiction over the Plaintiff's claims and that Campbell has failed to satisfy the enhanced pleading requirements of the Private Securities Litigation Reform Act (PSLRA) and Federal Rule of Civil Procedure (FRCP) 9(b). *See* Defs' Motion to Dismiss (Docket No. 15); Def. Morales' Mot. to Dismiss (Docket No. 26) (collectively "Motions to Dismiss"). Additionally, the Defendants ask this court to deny Campbell's request for class certification of her claims. According to the Defendants, there are no common questions of law or fact among the potential class members. *See id.* The Defendants did not specifically address the Plaintiff's claims concerning their violations of RICO, conspiracy to violate RICO, civil conspiracy, and unjust enrichment.

2

II.   THE COURT GRANTS THE MOTIONS TO DISMISS IN PART AND GRANTS THE
PLAINTIFF LEAVE TO AMEND HER COMPLAINT.

First, the Defendants allege that the Plaintiff's claims are not within the jurisdiction of this

court. *See* Motions to Dismiss. This argument lacks merit. The Plaintiff has invoked federal

securities law, a federal cause of action certainly within the original jurisdiction of this court. *See*

Pl.'s Compl., at ¶¶ 11–16; *see also* 28 U.S.C. § 1331. Additionally, this court has jurisdiction not

only over claims within the original jurisdiction of the court, but also over "claims that are so related

to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Because the

Plaintiff's state-law claims arise from the same facts that led to her federal claims, the entirety of her

claims is within the jurisdiction of this court.

The Defendants additionally assert that the Plaintiff's complaint does not satisfy the

heightened pleading requirements of the PSLRA and FRCP 9(b). This assertion is correct. Federal

Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the

circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under the PSLRA, a plaintiff

alleging securities fraud must plead (1) a material misrepresentation or omission, (2) scienter or a

wrongful state of mind on the part of the defendant, (3) a connection between the misrepresentation

or omission and the sale of a security, (4) the Plaintiff's reliance on the defendant's

misrepresentation or "transaction causation," (5) economic loss by the Plaintiff, and (6) "loss

causation" or a causal connection between the material misrepresentation and the loss. *Lormand v.*

*U.S. Unwired, Inc.*, 565 F.3d 228, 238–39 (5th Cir. 2009). The Plaintiff has failed to adequately

plead each of these elements.

Specifically, the Plaintiff has failed to adequately plead a material misrepresentation or omission on the part of each Defendant. Under FRCP 9(b), a plaintiff alleging fraudulent statements must "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 205 (5th Cir. 2009) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Similarly, under the PSLRA, the Plaintiff is required to allege "not only the time, place, the identity of the speaker, and the content of the allege misrepresentation, but also to explain why the challenged statement or omission is false or misleading." *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). Group pleading is not allowed under the PSLRA. *Id.* The Plaintiff must also allege misrepresentations or omissions with respect to each individual Defendant. *Id.* at 364.

Although the Plaintiff has made reference to some statements allegedly made by the Defendants, the Plaintiff has failed to allege statements by each of the Defendants with particularity and has failed to allege, in at least some instances, why those statements or omissions by the Defendants were misleading to the Plaintiff. Because of these shortcomings, the Plaintiff's complaint does not adequately allege a material misrepresentation or omission made by each Defendant under the PSLRA.

The Plaintiff has also failed to adequately plead scienter with respect to each of the Defendants in accordance with FRCP 9(b) and the PSLRA. Under the PSLRA, which incorporates the requirements of FRCP 9(b), a plaintiff must allege "an intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *Flaherty*, 565 F.3d at 207

4

(quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005)) (internal quotation marks omitted). A court, when determining whether a complaint adequately pleads scienter for purposes of the PSLRA, must accept all factual allegations in the complaint as true, consider the complaint in its entirety along with other sources courts routinely examine on a motion to dismiss, and take into account all opposing plausible inferences concerning the presence or absence of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "An inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 314. Group pleading is not allowed to show scienter. The Plaintiff must allege the knowledge or intent of each of the Defendants individually. *Flaherty*, 565 F.3d at 208.

The Plaintiff's complaint is void of any allegations of knowledge or intent on the part of the Defendants. Campbell merely alleges a few misrepresentations or omissions and states that she relied on them to her detriment. She does not allege what each individual Defendant knew with respect to the sell of SF-1019 or Immunosyn stock, and she does not allege what their intent was when they allegedly made the misrepresentations or omissions. Her pleadings, thus, are not sufficient to allege scienter with respect to each of the Defendants under FRCP 9(b) or the PSLRA.

Finally, the Plaintiff has failed to adequately allege "loss causation." Loss causation is "a causal connection between the material misrepresentation and the loss." *Dura Pharms., Inc., v. Broudo*, 544 U.S. 336, 342 (2005). In the context of securities fraud claims, a complaint adequately pleads loss causation if it alleges (1) that the purchase price of stock paid by a plaintiff-shareholder was inflated due to misrepresentations or omissions made by a defendant and (2) that the value of the stock purchased by a plaintiff-shareholder fell significantly after the truth concerning those

misrepresentations or omissions became known, forcing the plaintiff to sell his/her shares at a monetary loss. *Lormand*, 565 F.3d at 256. "[A]n inflated purchase price will not itself constitute or proximately cause the relevant economic loss." *Dura*, 544 U.S. at 342.

In this case, Campbell has made no allegations that the misrepresentations made by the Defendants which induced her to purchase Immunosyn stock were later revealed to be false, and there are no allegations that the truth about the alleged misrepresentations was made known to the public. More importantly, Campbell does not allege that these misrepresentations being made known to the public caused the value of her Immunosyn stock to significantly decrease. She simply states that after her personal experiences injecting herself with a substance believed to be something other than SF-1019, she sold her Immnosyn shares at a monetary loss. *See* Pl.'s Compl., at ¶ 57. These allegations are not sufficient to satisfy the "loss causation" pleading requirements of the PSLRA.

III.   CONCLUSION

The Plaintiff has failed to satisfy the pleading requirements of FRCP 9(b) and the PSLRA because (1) she failed to adequately plead a material misrepresentation or omission made by each individual Defendant and explain why those statements or omissions were misleading to the Plaintiff, (2) she failed to adequately plead scienter on the part of each individual Defendant, and (3) she has failed to adequately plead a causal connection between the Defendants' alleged misrepresentations or omissions and her losses in the sale of Immunosyn stock. The Defendants' motions to dismiss are therefore **GRANTED IN PART** and **DENIED IN PART** and the Plaintiff is granted until **October 1, 2010** leave to amend her complaint to comply with the specific requirements of the PSLRA and Rule 9(b). Failure to comply with this deadline will result in

dismissal.   The court declines to address the Plaintiff's request for class certification until an appropriate time after Plaintiff amends her complaint, if she chooses to do so.  Defendants' Motion to Abate [Doc. No. 28] is **DENIED** as being vague and non-specific.  Defendants may reassert an appropriate specific objection to discovery when appropriate.

Signed this 31st day of August, 2010.

Andrew S. Hanen
United States District Judge