# EXHIBIT A

Case 1:09-cv-00197   Document 33-1   Filed in TXSD on 09/30/10   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER BRAMANTE, MICHAEL BRAMANTE, ERNEST COVINO, ROBERT KAMINSKI, ERNEST RAMEY, CHRISTOPHER BRAMANTE, AND DONNA M. BRAMANTE | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. SA-10-CA-0534-OLG |
| v. | § § | |
| DOUGLAS A. MCCLAIN, SR. AND PADMORE HOLDINGS, LTD. | § § | |
| Defendants. | § | |

**INTERVENOR-PLAINTIFF'S REBUTTAL TO PLAINTIFF'S OPPOSITION
TO THE NUNLEY FIRM, LLP'S MOTION TO INTERVENE**

TO THE HONORABLE JUDGE ORLANDO GARCIA:

Intervenor-Plaintiff, THE NUNLEY FIRM, L.L.P., files this its Rebuttal to Plaintiff's Opposition to the Nunley Firm, LLP's Motion to Intervene and in support thereof shows as follows:

I.
**FACTS IN SUPPORT OF REBUTTAL**

As indicated in its Complaint in Intervention, The Nunley Firm entered into an agreement with James T. Miceli ("Miceli") and Douglas A. McClain, Jr. ("McClain, Jr.") whereby shares of stock of Immunosyn Corp. ("Immunosyn") ("Immunosyn Stock") were pledged to Nunley to secure payment of legal fees and expenses due Nunley as well as other creditors. *See* Exhibit "A" to The Nunley Firm, L.L.P.'s Motion to Intervene. The Immunosyn Stock pledged was stock owned by Miceli and McClain, Jr. individually as well as Immunosyn Stock owned by various entities (the "Argyll Entities") in which Miceli and McClain, Jr. were and are the majority shareholders, officers and/or directors. Immunosyn

Stock was also pledged *to secure Nunley's continued representation* of Miceli, McClain, Jr. and the Argyll Entities as well as Nunley's representation of same *in the future.*

Other creditors subsequently requested that the Immunosyn shares pledged to Nunley also be held by him as security and/or in trust for the payment of an agreed judgment entered in Cause No. 2007-68465. The agreed judgment was in favor of T. Paul Bulmahn ("Bulmahn"). The pledge in favor of Bulmahn was subsequently expanded to include an agreed judgment entered against Miceli and McClain, Jr., individually.

Pursuant to the terms of the pledge agreement, Miceli and McClain, Jr. have delivered and continue to deliver Immunosyn Stock owned by them individually as well as those owned by Argyll Entities. The first Immunosyn Stock was delivered to Nunley on or about August 23, 2007. The Immunosyn Stock owned by Padmore was physically delivered on January 22, 2008. The most recent delivery of stock took place on or about March 16, 2010.

Miceli and McClain, Jr., members of Padmore whose combined ownership interest therein is ninety percent (90%), have the exclusive authority to determine the interests of the beneficial owners of Padmore's Immunosyn Stock. *See*, Exhibit "A" to Plaintiffs' First Amended Complaint. Douglas A. McClain, Sr., Defendant herein, has neither possession nor control of the Immunosyn Stock pledged to Nunley nor has he ever had possession or control of said stock.

As indicated in Plaintiffs' Opposition to Motion to Intervene, Peter Bramante and Salvador Bramante, not parties to the instant litigation, filed suit in Cause No. 06-CA-0010 to enforce the judgment made the bases of the current litigation. Nunley undertook

representation of McClain, Jr., the son of Douglas A. McClain, Sr., and Padmore Holding, Ltd. - named Defendants therein (The "First Litigation"). Miceli and McClain, Jr., having the exclusive right to determine the beneficial ownership interests of the members in the Immunosyn Stock, agreed that 2,800,000 shares of Padmore's Immunosyn Stock would be held for the benefit of the plaintiffs therein until such time as the judgment held by the parties in the First Litigation was satisfied either by: 1) payment of the judgment by liquidation of the stock or 2) other means.

The First Litigation was resolved by confidential settlement. All terms and conditions thereto were satisfied including the payment of monies to plaintiffs on behalf of McClain, Jr. The sums due under the terms of the confidential settlement agreement were paid by Miceli, McClain, Jr. and/or the Argyll Entities and not by Douglas A. McClain, Sr. When the terms and conditions of the confidential settlement agreement were fulfilled, all claims to the 2,800,000 shares of Immunosyn held by Nunley and in the name of Padmore were satisfied and extinguished.

In keeping with the pledge agreement entered into between Nunley, Miceli and McClain, Jr. in 2006, Nunley continues to hold the Immunosyn Stock issued to Padmore (and others) as security for fees and expenses incurred and outstanding as well as security for fees and expenses incurred by the individuals and/or Argyll Entities in ongoing and future legal representation, as well as T. Paul Bulmahn and other creditors.

To date, Miceli, McClain, Jr. and/or the Argyll Entities are indebted to Nunley in the amount of $1,173,611.95, and continuing. Mr. Bulmahn's judgments total an approximate amount of $69,000,000.00. Nunley continues to represent Miceli, McClain, Jr. and some Argyll Entities in pending matters including, but not limited to, Cause No. B-09-197; *Denise*

*Campbell, et. al. v. Immunosyn Corp, et al*; In the United States District Court for the Southern District of Texas - Brownsville Division - litigation in which counsel for Plaintiffs in the current litigation also represents the named Plaintiff therein. But, more importantly, Nunley continues to hold the stock for T. Paul Bulmahn and other creditors.

## II.
## ARGUMENT AND AUTHORITIES

**A.  Douglas A. McClain, Sr. does not have possession nor control over the Immunosyn Stock that would authorize an order of turnover.**

As indicated *infra*, Miceli and McClain, Jr. have the exclusive authority to determine the interests of the beneficial owners in the Immunosyn shares owned by Padmore. They have held this exclusive authority since no later than January 3, 2007, the date of the SEC 13D filing. See, Exhibit "A" to Plaintiffs' First Amended Complaint. Douglas A. McClain, Sr. does not have, nor has he ever had, possession or control over the Immunosyn shares owned by Padmore. Miceli and McClain, Jr. agreed to utilize Immunosyn Stock Certificate No. 1727, issued to Padmore, as security for the payment of monies due under the confidential settlement agreement reached in the First Litigation. Once those sums were paid, the claims of the plaintiffs in the First Litigation to that specific stock certificate were extinguished and the Immunosyn Stock became part of the shares pledged to Nunley under the original pledge agreement of 2006.

**B.  Nunley and Bulmahn have a valid security interest in the Immunosyn stock.**

A pledge is a deposit or delivery of possession and control of property vesting a right to the property in the pledgee to the full extent necessary to protect and collect the debt.

4

*First National Bank in Grand Prairie v. H. Hentz & Co., Inc.*, 498 S.W.2d 478 (Tex. Civ. App.).

A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral [...]. A security agreement is enforceable against the debtor and third parties when 1) value has been given; 2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and 3) the security is in the possession of the secured party. TEX. BUS. & COM. CODE §9.203(a) and (b); CAL. COM. CODE 9203. For purposes of Section 9.203 of the Texas Business, a security interest in a certificated security occurs when it has been delivered to the secured party. A security interest attaches in an uncertificated security when the collateral is in the "possession" of the secured party. For purposes of fulfilling the requirements of attachment of an uncertificated security, delivery occurs when the issuer registers the purchaser as the registered owner. TEX. BUS. & COM. CODE §8.301(b)(1). Manual delivery, even where the pledge consists of corporeal personal property such as stock, is not necessarily required, but in many such cases a constructive or symbolic delivery of such property has been held sufficient. *Central National Bank v. Latham & Co.*, 22 S.W.2d 765, 768 (Tex. Civ. App. – Waco 1929, no writ).

Nunley and Bulmahn's security interest in the Immunosyn stock attached when Padmore became the registered owner of the uncertificated stock as further manifested by physical delivery of the Immunosyn stock both to Padmore through Miceli and McClain, Jr. And then delivery to Nunley.

**C.   The Immunosyn Stock is subject to a Trust Agreement for the benefit of Nunley and Bulmahn.**

It is abundantly clear that a Trust was created by Miceli and/or McClain, Jr.  The beneficiaries of the trust are indisputably Nunley and Bulmahn.  The McClain family members and Argyll Entities that own the shares of Immunosyn Stock are contingent beneficiaries.  That is, the McClain family members and Argyll Entities would only receive their shares of stock if and only if the debt owed to Nunley and Bulmahn were satisfied in full.  A trust in either real or personal property is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor or the settlor's authorized agent.  TEX. PROP. CODE §112.004.  However, parol evidence is admissible to establish an express parol trust.  *Gause v. Gause*, 430 S.W. 2d 409, 415,-416 (Tex. Civ. App. – Austin, 1968, no writ).  The test to establish whether a verbal trust has been shown is by proof that is reasonable clear and certain.  *Eaton v. Husted*, 172 S.W.2d 493 (Tex. 1943); *Gause v. Gause*, 430 S.W. 2d 409, 415, 416 (Tex. Civ. App.  Austin, 1968, no writ); *Powell v. Jackson*, 320 S.W.2d 20 (Tex. Civ. App - Amarillo, 1958, writ ref'd n.r.e.).

The trust at issue protects the creditors.  Miceli, McClain, Jr. and/or the Argyll Entities provided that the interest of the contingent beneficiaries; to-wit, members of the McClain family and the Argyll Entities could not be voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiaries (Nunley and Bulmahn) by the trustee.  TEX. PROP. CODE §112.035.

The evidence that a spendthrift trust was created in favor of Nunley and Bulmahn is reasonably clear and certain.  Bulmahn did not abstract either his judgment against either Argyll Equities, Miceli and McClain, Jr. at the time the judgments were rendered.  He

6

did so in reliance upon the verbal trust agreement between Miceli, McClain, Jr. and the Argyll Entities. Subsequent to the trust agreement, Miceli, McClain, Jr., the Argyll Entities and Nunley continued to apprise Bulmahn of the status of Immunosyn Corporation and the Immunosyn Stock. Subsequent to creation of the trust, Immunosyn Stock was delivered to Nunley as trustee.

### III
### SUMMARY

It is abundantly clear that the security interest of Nunley and Bulmahn attached as early as January 3, 2007 - the time at which Padmore filed its SEC 13D with the Securities and Exchange Commission. At the same time that Nunley and Bulmahn acquired their security interest in the stock, the owners of the stock created an irrevocable trust the corpus of which includes the very Immunosyn Stock for which Plaintiff seeks a turnover order.

The Immunosyn Stock held by Nunley is not subject to a turnover order.

### PRAYER

WHEREFORE, Intervenor-Plaintiff, THE NUNLEY FIRM, LLP, respectfully requests that:

1. The Nunley Firm's Motion to Intervene be GRANTED;
2. All relief requested in the Complaint of Plaintiffs, PETER BRAMANTE, MICHAEL BRAMANTE, ERNEST COVINO, ROBERT KAMINSKI, ERNEST RAMEY, CHRISTOPHER BRAMANTE, and DONNA M. BRAMANTE be DENIED;

3. Plaintiffs' Motion for An Attachment, Preliminary Injunction and/or Turnover Order be DENIED;

4. And such other relief, both at law and equity as Intervenor may show itself justly entitled.

Respectfully submitted,

THE NUNLEY FIRM, LLP
1580 South Main Street, Suite 200
Boerne, Texas 78006
Telephone:   830-816-3334
Facsimile:    830-816-3388

By: \s\ J. Ken Nunley
J. KEN NUNLEY
State Bar No. 15135600

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing as appropriate.

Gershon D. Cohen
Counsel for Plaintiffs
State Bar No. 04508325
1250 N.E. Loop 410, Suite 234
San Antonio, Texas 78217

Douglas A. McClain, Sr.
234 West Bandera, #122
Boerne, Texas 78006

\s\ J. Ken Nunley
J. Ken Nunley